Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>v.<br><br>OMAR ACEVEDO ÁVILA<br>c/p OMY<br><br>Peticionario | TA2025AP00224 | Apelación, acogido como *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Arecibo<br><br>Caso Núm.:<br>CLA2008G0172;<br>CLA2008G0173;<br>CLA2008G0174<br><br>Sobre:<br>Infr. Art. 5.04 L.A.;<br>Infr. Art. 5.15 L.A.;<br>Infr. Art. 5.15 L.A. |

Panel integrado por su presidente, la Jueza Cintrón Cintrón, el Juez Rodríguez Flores y la Jueza Díaz Rivera.

Rodríguez Flores, juez ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 21 de agosto de 2025.

Comparece por derecho propio y de manera *pauperis*[1] el Sr. Omar Acevedo Ávila, quien está bajo la custodia del Departamento de Corrección y Rehabilitación, mediante escrito de apelación, suscrito el 25 de abril de 2025, depositado en el correo postal el 29 de julio de 2025, y recibido por nuestra Secretaría el 31 de julio de 2025. Procura que este Tribunal enmiende la sentencia dictada en su contra, a los fines de que se ajuste la pena de que se le impuso al amparo de la derogada Ley de Armas de 2000 (Ley Núm. 104-2000), a las disposiciones de la vigente *Ley de Armas de Puerto Rico de 2020* (Ley Núm. 168-2019), 25 LPRA sec. 461 *et seq.*

Según surge del apéndice del recurso, el 14 de enero de 2009, el TPI condenó al Sr. Acevedo Ávila a cumplir pena de reclusión de

_____

[1] El Sr. Acevedo Ávila acompañó una *Solicitud y declaración para que se exima de pago de arancel por razón de indigencia,* debidamente cumplimentado y juramentado. Se autoriza la litigación *in forma pauperis.*

cinco (5) años y cinco (5) meses por el delito de robo; diez (10) años por infracción al Art. 5.04 de la derogada Ley Núm. 104-2000; y cinco (5) años por cada una de las dos infracciones al Art. 5.15 del mismo estatuto. Las penas por los delitos bajo la Ley de Armas fueron duplicadas y ordenadas a ser cumplidas de manera consecutiva a tenor con lo dispuesto en el Art. 7.03 de la Ley 404-2000; todo para un total de cuarenta y cinco (45) años y (5) meses de cárcel.

El Sr. Acevedo Ávila argumenta que, la Ley Núm. 404-2000 fue derogada y sustituida por la Ley Núm. 168-2019 y que, en virtud del principio de favorabilidad, por ser la ley más benévola, el tribunal venía llamado a aplicar a su sentencia los términos del Artículo 7.23 de Ley Núm. 168-2019, disposición que reemplazó al derogado Artículo 7.03. Sostiene que la nueva disposición permite que las penas de reclusión impuestas al amparo de la derogada Ley de Armas pueden ser cumplidas de manera concurrente, en lugar de consecutivamente, con las penas establecidas por infracción a cualquier otro estatuto.

Sin embargo, cabe señalar que, en su recurso, el Sr. Acevedo Ávila no alude a ningún dictamen justipreciado por el TPI sobre el cual podamos ejercer nuestra facultad revisora. Este insta su reclamo directamente ante este tribunal apelativo. Por tanto, carecemos de jurisdicción para dilucidar sus planteamientos y conceder el remedio solicitado, de ser este procedente en derecho.

Le corresponde al foro primario ventilar, en primera instancia, dicha controversia y adjudicarla en sus méritos. Luego de que el TPI se exprese en cuanto a la procedencia o no de la petición del Sr. Acevedo Ávila sobre la solicitud de modificación de sentencia, es que este Tribunal de Apelaciones poseerá jurisdicción para revisar la determinación que el foro de instancia emita al respecto.

Además, el recurso incumple sustancialmente con todos los requisitos esbozados en nuestro Reglamento y cuyo cumplimiento es indispensable para su consideración. Véase, Parte IV (*Certiorari)* del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 46-60, 215 DPR __ (2025).

En conclusión, el Sr. Acevedo Ávila debe acudir en primer lugar ante el TPI para que dicho foro primario emita una determinación judicial sobre su solicitud, de manera que el Tribunal de Apelaciones pueda tener ante sí un dictamen judicial para revisar. En ausencia de una expresión del TPI, que dictó la sentencia condenatoria que se procura modificar o enmendar, el Tribunal de Apelaciones carece de autoridad para acceder a la petición del Sr. Acevedo Ávila.

En atención a lo antes expresado, acogemos el recurso de apelación como uno de *certiorari*[2] y lo desestimamos por falta de jurisdicción, al amparo de la Regla 83 (C) del Reglamento del Tribunal de Apelaciones, *supra,* pág. 110.[3]

Notifíquese.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[2] Sin embargo, mantenemos la identificación alfanumérica original asignada por la Secretaría del Tribunal de Apelaciones.

[3] La citada regla, provee para que este Tribunal desestime, a iniciativa propia, un recurso por falta de jurisdicción.